IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONNIE CEASAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:19-cv-666-N-BN |
| § | |
| U.S. DEPARTMENT OF EDUCATION § | |
| and PAUL COXE, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronnie Ceasar filed a *pro se* complaint against the United States Department of Education ("DOE") and an attorney employed in DOE's Office for Civil Rights's ("OCR") Dallas office, alleging that OCR's closing his complaint against Southern University, Baton Rouge, Louisiana – after Ceasar failed to provide a signed consent requested by OCR – violated his civil rights. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

On March 25, 2019, the Court entered a notice of deficiency (the "NOD") informing Ceasar that his original complaint was subject to dismissal for lack of subject matter jurisdiction and/or for failure to state a claim on which relief may be granted and requiring that, by April 24, 2019, he file an amended complaint that cures the deficiencies noted and either pay the full filing fee to initiate this action or move

for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4.

Ceasar responded to the NOD by filing an IFP motion, *see* Dkt. No. 6, and a motion to strike the NOD, *see* Dkt. No. 5. The Court granted the IFP motion and denied the motion to strike. *See* Dkt. No. 7.

Ceasar then moved to recuse the undersigned, *see* Dkt. No. 8, a motion Judge Godbey has denied, *see* Dkt. No. 9.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) or, alternatively, with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

**Legal Standards**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). The Court will not assume it has jurisdiction. And a party choosing to bring a case into federal court bears the burden to establish federal jurisdiction. *See, e.g., Butler v. Dallas Area Rapid Transit*, ___ F. App'x ___, No. 18-10262, 2019 WL 1410726, at *1 (5th Cir. Mar. 27, 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). If he does not, his lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any

-2-

time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Further, a district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also, e.g., Bynum v. City of Mesquite*, No. 3:02-cv-1301-D, 2002 WL 32182292, at *2 n.2 (N.D. Tex. Oct. 30, 2002) ("In cases in which a plaintiff seeks to proceed without the payment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious."); *Walters v. Scott*, Civ. A. No. H-14-1637, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) ("A party proceeding *in forma pauperis* is subject to the screening requirements permitted by 28 U.S.C. § 1915" – a provision that "applies equally to prisoners and non-prisoners." (citing *Newsome v. Equal Emp't Opportunity Comm'n*, 301 F.3d 227, 231-33 (5th Cir. 2002))).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have

"substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (citations omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court."

*Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

Ceasar has sued a federal agency and an attorney working for that agency. And the factual allegations Ceasar provides reflect that he has sued the federal employee in his official capacity. *See Robinson v. Hunt Cnty., Tex.*, ___ F.3d ___, No. 18-10238, 2019 WL 1594319, at *2 (5th Cir. Apr. 15, 2019) ("'A person's capacity need not be pled except to the extent required to show the jurisdiction of the court.' ... To determine whether a defendant is being sued in his or her official or individual capacity, [a court should] examine 'the allegations in the complaint,' and 'the course of proceedings.'" (quoting, respectively, *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); original brackets omitted)).

The DOE, as a federal agency, and the federal employee defendant named are immune from suit unless sovereign immunity has been waived by statute. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))); *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) ("A *Bivens* action does not lie against federal agencies or

the United States, which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity." (citing *Meyer*, 510 U.S. at 483-86)).

And Ceasar has not plausibly alleged that sovereign immunity has been waived as to the claims he brings. Ceasar has not therefore carried his burden to show federal subject matter jurisdiction. And his complaint should be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(h)(3).

Alternatively, to the extent the Court finds that Ceasar has shown subject matter jurisdiction– by, for example, alleging that the federal employee in his individual capacity violated Ceasar's civil rights – Ceasar has failed to state a claim on which relief may be granted, subjecting his complaint to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

The facts before the Court do not state a plausible claim under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because Congress, through the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ("APA"), "has provided for an adequate alternative remedy," *Irwin v. Miami-Dade Cnty. Pub. Schs.*, No. 06-23029-CIV, 2009 WL 497652, at *2-*3 (S.D. Fla. Feb. 25, 2009) (observing that "the existence of a right to judicial review under the [APA] is sufficient to preclude an individual from bringing a *Bivens* action," citing *Miller v. U.S. Dep't of Agric. Farm Servs. Agency*, 143 F.3d 1413, 1416 (11th Cir. 1998), and that a plaintiff's allegations that an employee of DOE "violated his civil rights under the Constitution ... are within the ambit of the APA, and thus must be pled under the APA," citing 5 U.S.C. § 706).

Further, the facts alleged do not state a claim under the APA, as "investigative decisions or the failure to act upon complaints of discrimination are 'discretionary' and not reviewable under the APA." *Beal v. Cortland*, No. 6:16-CV-666 (BKS/ATB), 2016 WL 6242114, at *7 (N.D.N.Y. June 21, 2016) (citations omitted).

And, because, through the NOD, the Court offered Ceasar an opportunity to address these deficiencies, and he chose not to substantively address them – leaving the impression that Ceasar has stated his best case – dismissal for failure to state a claim should be with prejudice.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) or, alternatively, with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE